NELSON MULLINS RILEY & SCARBOROUGH LLP
LISA M. GIBSON (SBN 194841)
AMY M. TOBOCO (SBN 149508)
AMBER M.S. HENDRICK (SBN 342284)
19191 South Vermont Ave., Suite 900
Torrance, CA  90502
Telephone:     424.221.7400
Facsimile:     424.221.7499
Email:         lisa.gibson@nelsonmullins.com
               amy.toboco@nelsonmullins.com
               amber.hendrick@nelsonmullins.com

Attorneys for Defendant
SUBARU OF AMERICA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| COURTESY AUTOMOTIVE GROUP, INC., dba COURTESY SUBARU OF CHICO, <br><br> Plaintiff, <br><br> v. <br><br> SUBARU OF AMERICA, INC. and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: 2:22-cv-00997-DMC <br><br> Assigned to Magistrate Judge Dennis M. Cota <br><br> **DEFENDANT SUBARU OF AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STAY ACTION** <br><br> [Filed concurrently with Request for Judicial Notice; Declaration of Lisa M. Gibson and [Proposed] Order] <br><br> Date:  TBD pending reassignment to new Judge <br> Time: TBD <br> Ctrm.: TBD |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on a date determined by the Judge to whom the matter will be reassigned in the United States District for the Eastern District of California, Defendant Subaru of America, Inc. ("SOA"), will and hereby does move the Court for an order dismissing the Complaint ("Complaint") filed by Plaintiff Courtesy Automotive Group, Inc. dba Courtesy Subaru of Chico ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). SOA moves to dismiss Plaintiff's claims because: (1) the claims asserted against SOA in the Complaint are not ripe for consideration; and (2) Plaintiff has failed to state any claim upon which relief may be granted.  Alternatively, because Plaintiff's claims are not ripe for consideration, and premised upon an Order issued by an Administrative Law Judge of the California New Motor Vehicle Board, which order is presently the subject of a pending action on SOA's Petition for Writ of Administrative Mandate ("Writ Petition") in the Superior Court of California, County of Alameda, SOA seeks a stay of this action until the underlying Writ Petition is decided.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying Request for Judicial Notice and Declaration of Lisa M. Gibson and the exhibits attached thereto, as well as all other matters that may be judicially noticed, the files and records in this case, and any oral or documentary evidence that may be presented at the hearing on this matter.  Counsel for SOA has attempted to meet and confer with Plaintiff's counsel regarding the issues raised in the Motion by sending a letter outlining the bases for the Motion and requesting that Plaintiff stipulate to a dismissal of the claims or, alternatively, to a stay of this action pending the outcome of the Writ Petition in the Superior Court.  As of the filing of this Motion, Plaintiff's counsel has not responded to SOA's request.

Dated: June 15, 2022

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By:  */s/ Lisa M. Gibson*
    Lisa M. Gibson
    Amy M. Toboco
    Amber M.S. Hendrick
    Attorneys for Defendant SUBARU OF
    AMERICA, INC.

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................1

II.   BACKGROUND ................................................................4

   A.   Plaintiff's Failure to Fulfill its Obligations From its Inception as a Dealer 4

   B.   The Confidential Stipulated Agreement. ....................................5

   C.   The Facility Addendum and the ISLOC. ...................................5

   D.   The Administrative Law Judge's Decision Pending Judicial Review. ........8

III.   LEGAL STANDARD GOVERNING MOTION TO DISMISS ...........................9

IV.   ARGUMENT ................................................................10

   A.   The Claims Alleged in Plaintiff's Complaint Are Not Ripe for Determination by this Court....................................................10

   B.   Plaintiff's First, Second and Third Causes of Action for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing and Account Stated Fail to State a Claim for Relief Because Plaintiff's Claims Are Not Ripe and Plaintiff Cannot Establish that It is Entitled to Attorneys' Fees Incurred in Connection with the Board Proceeding As a Matter of Law. ....................12

      1.   There Has Been No Determination that Plaintiff is a Prevailing Party or Entitled to Attorneys' Fees Pursuant to the Confidential Stipulated Agreement................................................12

      2.   Plaintiff Has Not Pled the Existence of Any Account or Other Contract Between SOA and Plaintiff Which Would Obligate SOA to Pay Attorneys' Fees to Plaintiff..................................14

   C.   The Fourth and Fifth Causes of Action for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing- Calling on the Letter of Credit Fail to State a Claim for Relief. .......................15

   D.   Plaintiff's Sixth Cause of Action for Violation of Unfair Competition Law is Uncertain and Fails to State a Claim for Relief. ....................17

   E.   Plaintiff's Seventh and Eighth Causes of Action for Intentional

NELSON MULLINS RILEY & SCARBOROUGH LLP<br>ATTORNEYS AT LAW<br>LOS ANGELES

SUBARU'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STAY ACTION

Misrepresentation and Negligent Misrepresentation Fail to State a Claim for Relief.............................................................................................................19

    1.    Plaintiff's Fraud Claims are Barred by the Economic Loss Doctrine ....................................................................................................20

F.    The Ninth Cause of Action for Unjust Enrichment Fails to State a Claim for Relief As it is Barred by the Express Terms of the Facility Addendum and Amendment Thereto. ...............................................................................21

V.    IN THE ALTERNATIVE, IF THE COURT DOES NOT DISMISS THE COMPLAINT, THE COURT SHOULD STAY THIS ACTION TO ALLOW FOR THE ADJUDICATION OF THE WRIT PETITION. ...........................................22

VI.    CONCLUSION.................................................................................................22

Nelson Mullins Riley & Scarborough llp
Attorneys at Law
Los Angeles

SUBARU'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STAY ACTION

# TABLE OF AUTHORITIES

Page(s)

Cases

*Aas v. Superior Court*,
(2000) 24 Cal. 4th 627.............................................................................................. 20

*Abbott Laboratories. v. Gardner*,
387 U.S. 136 (1967) ................................................................................................. 11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................... 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................... 9

*Birdsong v. Apple Inc.*,
590 F.3d 955, fn.3 (9th Cir. 2009) ......................................................................... 18

*Blatt v. University of So. California*,
(1970) 5 Cal. App. 3d 935 ......................................................................................... 9

*Bova v. City of Medford*,
564 F.2d 1093  (9th Cir. 2009) ........................................................................... 11, 14

*Cadlo v. Owens-Illinois, Inc.*,
(2004) 125 Cal. App. 4th 513 .................................................................................. 20

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*,
(9th Cir. 2016) 824 F.3d 1156 ................................................................................... 9

*Careau & Co. v. Security Pacific Business Credit, Inc.*,
(1990) 222 Cal.App.3d 1371 .................................................................................... 12

*City of W. Hollywood v. Kihagi*,
(2017) 16 Cal. App. 5th 739 .................................................................................... 13

*Coffin v. Safeway, Inc.*,
323 F.Supp.2d 997 (D. Ariz. 2004) ........................................................................... 9

*Continental Airlines, Inc. v. McDonnell Douglas Corp.*,
(1989) 216 Cal.App.3d 388 ..................................................................................... 19

*Durell v. Sharp Healthcare*,
(2010) 183 Cal.App.4th 1350 .................................................................................. 16

*Estate of Drummond*,
(2007) 149 Cal.App.4th 46, 56 Cal.Rptr.3d 691 (defendants' fees denied ............. 13

*Guz v. Bechtel National Inc.*,
(2000) 24 Cal.4th 317 .............................................................................................. 16

*Hsu v. Abbara*,
(1995) 9 Cal.4th 863 ................................................................................................ 13

*Jones v. ConocoPhillips Co.*,
(2011) 198 Cal.App.4th 1187 .................................................................................. 20

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) .................................................................................. 10

*Lazar v. Hertz Corp.*,
(1999) 69 Cal.App.4th 1494 .................................................................................... 18

*Lopez v. Wash. Mut. Bank, F.A.*,
302 F.3d 900 (9th Cir. 2002) ................................................................................... 18

*Lozano v. AT & T Wireless Services, Inc.*,
504 F.3d 718 (9th Cir. 2007) ................................................................................... 17

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

SUBARU'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STAY ACTION

*Maggio, Inc. v. Neal*,
    (1987) 196 Cal.App.3d 745 .......................................................................... 14, 15
*Presley of Southern California v. Whelan*,
    (1983) 146 Cal.App.3d 959 .................................................................................. 13
Racine & Laramie, Ltd. v. Department of Parks & Recreation,
    (1992) 11 Cal.App.4th 1026 .................................................................................. 16
*Reno v. Catholic Social Services, Inc.*,
    509 U.S. 43 ............................................................................................................ 11
*Robinson Helicopter Co. v. Dana Corp.*,
    (2004) 34 Cal. 4th 979 .......................................................................................... 21
*Seely v. White Motor Co.*,
    (1965) 63 Cal.2d 9 ................................................................................................ 20
*Seismic Reservoir 2020, Inc. v. Paulsson*,
    (9th Cir. 2015) 785 F.3d 330 .................................................................................. 9
*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) .............................................................................. 9, 10
*Stansfield v. Starkey*,
    (1990) 220 Cal.App.3d 59 ..................................................................................... 19
*Tarmann v. State Farm Mutual Auto. Ins. Co.*,
    (1991) 2 Cal.App.4th 153 ...................................................................................... 19
*Thomas v. Union Carbide Agricultural. Products Co.* 473 U.S. 568, 105 S. Ct. 3325 ................ 11

Statutes

Article III of the United States Constitution ............................................................ 11
Cal. Bus. & Prof. Code § 17200 ............................................................................. 17
Cal. Civ. Code § 1717, subd. (b)(1) ....................................................................... 13
Cal. Comm. Code Section 5110 ......................................................................... 3, 16
California Code of Civil Procedure section 1094.5 ................................................... 9

Rules

Fed. R. Evid. 201(b) ............................................................................................... 10
Federal Rules of Civil Procedure 12(b)(1) and (6) ................................................... 1

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

SUBARU'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STAY ACTION

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Remarkably, Plaintiff's Complaint alleges that *SOA* has aggrieved *Plaintiff* by breaching contracts, committing fraudulent and unfair actions, and making misrepresentations.  All of this while, within the four corners of Plaintiff's Complaint, Plaintiff concedes that it has not fulfilled a solitary commitment made to SOA in the construction of a compliant, and permanent dealership to house the Subaru brand since its appointment as a dealer in 2015. From the inception of the relationship, Plaintiff has missed facility construction deadline after deadline by *years*, not just months. (Complaint, Exhibit 4).  As a further introduction, there is significant information overlooked in Plaintiff's Complaint which makes it wholly implausible.

Importantly, since the Complaint's filing (yet prior to service being made on SOA), SOA filed a Petition for Writ of Administrative Mandate in the Superior Court of California, County of Alameda ("Writ Petition").  Plaintiff's claims in this action are premised upon obligations and factual allegations which were the subject of a confidential decision issued by an Administrative Law Judge in connection with an administrative proceeding before the California New Motor Vehicle Board ("Confidential Decision"). That Confidential Decision is currently the subject of the pending Writ Petition.  Accordingly, each of the claims asserting Plaintiff as the prevailing party pursuant to that Confidential Decision under judicial review should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) because they are not yet ripe for consideration by this Court and because they fail to state a claim upon which relief may be granted.  Likewise, Plaintiff's contention that SOA is precluded by the doctrine of collateral estoppel from raising defenses to its claims because of the Confidential Decision (which is pending writ review) are improper.  Therefore, SOA moves for an order dismissing at least the first three causes of action in Plaintiff's Complaint or, in the alternative, staying this entire case until the Writ Petition is adjudicated by the Superior Court based on the ripeness doctrine.

Additionally, all of Plaintiff's claims should be dismissed for failure to state a claim for relief.  Plaintiff's First, Second and Third Causes of Action claims for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing and (3) account stated are all premised upon

allegations for recovery of attorneys' fees and costs arising from the Confidential Decision. However, there has been no determination that Plaintiff is the prevailing party in the underlying Board action and the Confidential Decision issued in that proceeding is currently the subject of the pending writ petition.  Therefore, Plaintiff is not the prevailing party in that action and there is no existing obligation for SOA to pay attorneys' fees to Plaintiff.  The Third Cause of Action (Account Stated ) also fails to allege sufficient facts to support a cognizable legal theory.  Again, absent a prevailing party determination, Plaintiff's Complaint further lacks any support demonstrating that there is an existing relationship, contract or agreement to pay an account of Plaintiff's counsel.  As such, SOA moves for an order dismissing the first three causes of action in Plaintiff's Complaint or, in the alternative, staying this case until the Writ Petition is adjudicated by the Superior Court.

Plaintiff's Complaint also alleges that SOA acted improperly in enforcing a letter of credit. However, Plaintiff glosses over the fact that the irrevocable standby letter of credit ("ISLOC") is a cross-border undertaking involving an independent financial instrument issued by BMO Harris Bank N.A. c/o Bank of Montreal, Global Trade Operations, 250 Yonge Street - 11th Floor Toronto ON, M5B 2L7, Canada ("BMO Harris").  Plaintiff made application for the ISLOC from a Canadian bank identifying SOA's Western Region in Denver, Colorado as beneficiary. The Demand for payment under the ISLOC was required to be made at the offices of BMO Harris in Toronto.  (ISLOC, Complaint, Exhibit 5)  Not only is there an absence of a single action taken by SOA that occurred in the State of California with respect to the relevant allegations in the Complaint; but also BMO Harris stipulated that the ISLOC was subject to the International Standby Practices (1998), International Chamber of Commerce Publication No. 590 ("ISP98"). (See Complaint, Exhibit 5, p. 2). Thus, neither Plaintiff nor SOA stipulated to the California Commercial Code (which is asserted in the Complaint) as the basis for governing rules, including any alleged warranties for the ISLOC.

In fact, nothing in enforcing this cross-border undertaking invokes California law whatsoever. The complaint is devoid of any allegations that, under ISP98, warranties are made by a beneficiary pursuant to its presentation.  The rules of ISP98 may materially differ from California

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

law and Cal. Comm. Code Section 5110 on many of Plaintiff's claims.  Yet, without any facts alleging that California is the place of contracting, negotiating and/or performing the ISLOC, the complaint lacks any basis for California law to apply with respect to the "calling in" of the instrument.  Not even the subject matter of the ISLOC has enough nexus to California since it was to support Plaintiff's timely *obligations* under a Facility Addendum, not for the purposes of the construction expense itself.  As averred in the Complaint, the Facility Addendum is between SOA (a Delaware Corporation with a principal place of business in New Jersey) and Plaintiff (a California corporation) and executed by SOA's Western Regional Vice President in Denver, Colorado, the day following Plaintiff's electronic signature.  (Complaint, Exhibits 3 and 4).  Moreover, the ISLOC was expressly not for funding the construction of the dealership facilities themselves, Plaintiff has other funding for this purpose.  (Complaint, ¶25).

Since the ISLOC was issued, executed, exercised and honored in Ontario, Canada, the laws of Ontario would supplement ISP98 for any such alleged causes of action about presentation of the undertaking, not California laws.  Moreover, the chosen rules such that they adopt international practices also have a reasonable basis for governing any cross-border financial instrument emanating from BMO Harris, whose offices are located in Ontario, Canada.  Given that Plaintiff selected and applied for an ISLOC from a Canadian bank that issues its financial instrument subject to international rules, there is also no overriding governmental interest to accord Plaintiff any materially different protections under California law.  Accordingly, Plaintiff has failed to allege any facts which refute the choice of rules appearing on the face of the ISLOC in support of its allegations applying the Commercial Code and laws of California.

Additionally, Plaintiff's Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action for breach of contract, breach of the covenant of good faith and fair dealing, unfair competition and unjust enrichment, all premised upon SOA's alleged wrongful enforcement of the ISLOC, fail to state valid claims.  These causes of action are all directly refuted by the terms of the parties' agreement which expressly permits SOA to cash the ISLOC for the failure to meet the facility completion date, which Plaintiff indisputably did miss. Plaintiff has, therefore, failed to properly plead the promise and non-performance of such promise to support a breach of any contract or

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

duty owed by SOA to Plaintiff under any agreement or law. The Parties agreed that SOA would exercise its rights to the ISLOC upon Plaintiff's failure to meet the final construction deadline, and this is precisely what occurred. (Complaint, Exhibit 4). Further, as noted above, on its face, the ISLOC provides that it is governed by ISP98, not California law, and therefore Plaintiff's claims arising from the ISLOC premised upon the California Commercial Code and Business and Professions Code Section 17200 cannot support a claim for relief. As a result, Plaintiff's Fourth through Ninth Causes of Action should be dismissed for failure to state a claim for relief.

Lastly, Plaintiff's Seventh and Eighth Causes of Action for intentional and negligent misrepresentation also fail to plead the essential elements of those claims and fail to allege any representations directly to, or concealment of information from, Plaintiff by SOA and therefore fail to state a viable claim for relief. Plaintiff's fraud claims are also barred by the economic loss rule as Plaintiff cannot assert tort claims to recover for purely economic losses. Accordingly, SOA respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety or, in the alternative, stay this action pending the outcome of the pending writ petition in the Superior Court.

## II.   BACKGROUND

### A.   Plaintiff's Failure to Fulfill its Obligations From its Inception as a Dealer

For over seven years, Plaintiff has chronically persisted in inaction that has breached every facility obligation it owed to SOA. From its inception as a Subaru dealer, Plaintiff did not perform its obligations under its original Facility Addendum dated May 5, 2015. Specifically Plaintiff failed to:

- Lease Property by 05/05/2016
- Purchase Property by 05/05/2016
- Complete Design Intent with SOA approved architectural firm by 08/05/2016
- Submit facility drawings (interior, exterior, elevation) to SOA and SOA's architectural firm by 11/05/2016
- Obtain permits for facility project by 02/5/2017
- Break ground on facility project by 05/05/2017

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

SUBARU'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STAY ACTION

- All facility deficiencies must be resolved by 12/05/2017

(Complaint, Exhibit 4)

Following Plaintiff's repudiation of every one of its obligation under its original Facility Addendum, to add insult to injury, on or about August 11, 2018, Plaintiff then vacated its sales premises and moved all Subaru sales operations to an unauthorized location without SOA's consent. This resulted in the abandonment of the sales premises to the local Hyundai dealer which also resulted in the shrouding of SOA's signage and trademarks. (Complaint, Exhibit 1 ¶¶4-10). SOA was forced to issue a notice of termination for the unauthorized relocation of the dealership facilities and file a lawsuit for Plaintiff's trademark violations in allowing SOA's signs to be defaced and marred. (Complaint, Exhibit 1 ¶¶14-16). Notwithstanding Plaintiff's brazen renunciation of its basic obligations to conduct Subaru dealership operations at the authorized sales premises and to display Subaru trademarks at an unauthorized location, SOA issued two extensions of the 2015 Facility Addendum's expiry date in order to allow the parties additional time to negotiate a settlement. (Complaint, Exhibit 4).

B. **The Confidential Stipulated Agreement**.

As set forth in Plaintiff's Complaint, Plaintiff and SOA entered into a [Proposed] Stipulated Decision and Order of the Board Resolving Protest and Lawsuit ("Confidential Stipulated Agreement"), which contained Exhibit 1 to Confidential Agreement to Stipulated Decision and Order of the Board, on or about March 20, 2019. (Complaint ¶10, Exhibit 1). The Confidential Stipulated Agreement was entered into between the parties in order to settle underlying matters involving Plaintiff's dealership operations. Pursuant to the Confidential Stipulated Agreement, Plaintiff was to perform certain obligations by designated timelines. The Confidential Stipulated Decision was adopted by Order of the California New Motor Vehicle Board (the "Board") pursuant to Vehicle Code section 3050.7 on April 9, 2019 ("Board Order Adopting Stipulated Decision and Order"). (Complaint ¶12, Exhibit 2).

C. **The Facility Addendum and the ISLOC**.

On or about October 17, 2019, the parties entered into a Facility Addendum To Conditional Subaru Dealer Agreement in connection with Plaintiff's Subaru dealer agreement ("2019 Facility

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

Addendum"). (Complaint ¶13, Exhibit 3). By its terms, the Facility Addendum provided for certain construction benchmarks which Plaintiff was required to meet for its dealership facility. (*Id.*) Further, the Facility Addendum provided that "Dealer provides a $750,000 letter of credit or performance bond by July 14, 2019 to insure Dealer's performance on its commitment to construct the Permanent Facility." (*Id.* at p. 1). The ISLOC, however, was not provided until nearly a year after this deadline had passed on June 22, 2020. (Complaint, ¶123). Also, pursuant to the 2019 Facility Addendum, Plaintiff was obligated to construct a new Subaru dealership at the agreed-upon Permanent Facility according to the following deadlines:

- Dealer submits completed construction drawings and site plans to Distributor for its prior written approval, pursuant to which the Permanent Facility complies with Subaru's projected Signature Image Facility Standards for a dealership facility, and such plans are approved in writing by Distributor in advance of construction.

- Dealer obtains necessary zoning, permits and necessary governmental approvals to provide for the construction of the Permanent Facility on or before December 1, 2019.

- Dealer commences construction of the Permanent Facility on or before January 31, 2020.

- Dealer completes construction of the Permanent Facility and obtains all necessary licenses and permits as to the Subaru sales facility at the Permanent Facility by no later than January 31, 2021.

- Dealer obtains a Final Review Verification letter from Feltus Hawkins for compliance upon completion of the remodeling, which Verification shall be provided by Feltus Hawkins by March 1, 2021.

(Complaint, Exhibit 3).

Following Plaintiff's continued failure to miss the 2019 Facility Addendum deadlines, on or about May 21, 2020, the parties entered into an Amendment to Existing Facility Addendum to Conditional Subaru Dealer Agreement ("2020 Facility Addendum"). (Complaint ¶14, Exhibit 4). The 2020 Facility Addendum acknowledged that Plaintiff had missed benchmarks contained in

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

the original Facility Addendum set forth new construction benchmarks.  The 2020 Facility Addendum also stated that:

> If subsequent benchmarks are missed, ***SOA reserves the right to exercise all remedies available under the Subaru Dealer Agreement, Facility Addendum and/or the Stipulated Decision*** dated March 20, 2019, including termination of your Subaru Dealer Agreement. Additionally, ***should the facility not be completed by the agreed upon date, SOA will execute the Letter of Credit or Performance Bond that secures this amendment***.

(Complaint, Ex. 4, p. 1) (emphasis added).

At the time of the parties' execution of the 2020 Facility Addendum dated May 21, 2020, Plaintiff had yet to obtain the necessary permits or commence construction.  (Complaint, Exhibit 4).  In fact, Plaintiff alleges to have broken ground for the Subaru dealership facility only by June, 2021 (over a year later).  (Complaint, ¶82).  Thus, by the time that Plaintiff had merely "broken ground," the agreement between the parties required that construction was to have already been *completed* six months earlier. (Complaint, Exhibit 3). The 2019 Facility Addendum also clearly provided that the failure to meet any facility deadline constituted a material breach of Plaintiff's obligations. (*Id*, ¶5).

Notwithstanding that Plaintiff had once again failed to fulfill its obligations under the 2019 Facility Addendum, SOA provided Plaintiff with yet another and final opportunity to meet its facility obligations by way of the 2020 Facility Addendum.  Expressly in the 2020 Facility Addendum, Plaintiff agreed to commence construction nine months prior to the "ground-breaking" that allegedly occurred much later in June, 2021. (Complaint, Exhibit 4).  At the time of the "ground-breaking", therefore, Plaintiff was obligated to have the facility completed by the end of 2021—a short six months away. (Complaint, Exhibit 4).

Paragraph 5 of the 2019 Facility Addendum remained in full force and effect pursuant to the terms of the 2020 Facility Addendum. (Complaint, Exhibit 4). By its terms, any failure to complete construction of the facility by the agreed-upon date expressly constituted a material breach of the latter facility addendum.  Thus, not only did SOA have a reasonable basis to believe that failing to meet the agreed-upon date to complete the facility was a material breach of the Facility Addendum, Plaintiff *agreed* and knew that it was too.  Also, both the 2020 Facility

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

1   Addendum and the ISLOC provided that merely the *failure* to fulfill the obligations under the

2   Facility Addendum was sufficient basis to make demand under its terms.  (Complaint, Exhibit 5).

3   Notwithstanding that the failure to meet the construction completion deadline was a material

4   breach, the ISLOC did not require Plaintiff's *material* failure or breach as Plaintiff alleges, it

5   simply required Plaintiff's failure to fulfill its obligations. (*Id*.)   The failure to meet its obligation

6   to construct the dealership facilities by the deadline is not in dispute.  Plaintiff's Complaint even

7   concedes that it still has not fulfilled its obligations to complete the Subaru dealership, and that,

8   "construction of the permanent facility is ongoing" and, therefore, not completed. (Complaint,

9   ¶86).

10         Plaintiff also belatedly provided SOA with the $750,000 ISLOC which Plaintiff obtained

11   from BMO Harris Bank N.A.  (Complaint ¶15, Exhibit 5).  The ISLOC was issued to SOA at its

12   Western Region Office in Denver, Colorado.  (*Id*., Ex. 5 at p. 1)  The ISLOC also provided in part

13   that "[t]his Credit is available against your draft drawn at sight on us accompanied by the following

14   document(s): 1. Beneficiary Certificate, . . . stating: "Courtesy Automotive Group, Inc. has failed

15   to fulfill its obligations pursuant to the Facility Addendum to the Subaru Dealer Agreement

16   between Courtesy Automotive Group, Inc. dba Courtesy Subaru of Chico and Subaru of America,

17   Inc.- Western Region . . . ." (*Id*.)

18         The ISLOC further specifically states: "[t]his Credit is subject to International Standby

19   Practices (1998), International Chamber of Commerce Publication No. 590 ('ISP98')." (*Id*. at p.2)

20   On July 7, 2020, the ISLOC was amended and the expiry date was changed to July 31, 2022.

21   (Complaint ¶18, Exhibit 5).

22         D.  **The Administrative Law Judge's Decision Pending Judicial Review**.

23         Pursuant to the Confidential Stipulated Agreement, the parties agreed that the Board

24   retained jurisdiction "solely to enforce its Order in the future if requested by either party."

25   (Complaint ¶19, Exhibit 1 and ¶18).  Following SOA's notification to Plaintiff that it was in non-

26   compliance with the Confidential Stipulated Agreement, Plaintiff filed a Request for Appointment

27   of ALJ to Determine Compliance with Stipulated Decision with the Board.  After a confidential

28   proceeding and hearing was conducted by Administrative Law Judge Evelyn I. Matteucci ("ALJ

SUBARU'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STAY ACTION

Matteucci"), the Board issued a Confidential Decision Resolving Stipulated Decision and Order Dispute ("Confidential Decision") on March 24, 2022. (Complaint ¶28). The Confidential Decision itself is deemed confidential and was not attached to Plaintiff's Complaint.

On May 9, 2022, SOA filed a Petition for Writ of Administrative Mandate pursuant to California Code of Civil Procedure section 1094.5 on the grounds that the ALJ lacked jurisdiction to make the determination contained in the Confidential Decision, the ALJ's determination was not supported by the evidence, and SOA was denied a fair hearing in the Board proceeding.  The Writ Petition is currently pending in the Superior Court of the State of California, County of Alameda as Case No. 22CV010968.  A true and correct copy of the Redacted Writ Petition is attached to the Request for Judicial Notice as Exhibit 1.  A Motion to Seal Portions of the Writ Petition is scheduled for hearing on June 21, 2022.  No other proceedings have taken place on the Writ Petition but a Case Management Conference is currently scheduled for June 28, 2022. (Declaration of Lisa M. Gibson ("Gibson Decl.") ¶3).

### III.   LEGAL STANDARD GOVERNING MOTION TO DISMISS

A complaint should be dismissed under Rule 12(b)(6) unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in the complaint "must be enough to raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Although courts must take as true material facts adequately alleged in a complaint and accept reasonable inferences therefrom, courts need not accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A complaint that merely "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

A complaint must plead sufficient facts to support a cognizable legal theory.  *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016); *Coffin v. Safeway, Inc.*, 323 F.Supp.2d 997, 1000 (D. Ariz. 2004); *see also*, *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015).   Plaintiff must allege the promise and its nonperformance in

an action based on breach of contract. The facts do not support the alleged conclusion that there was a breach of contract. *Blatt v. University of So. California*, (1970) 5 Cal. App. 3d 935, 944.

Further, the Court may consider documents subject to judicial notice or "incorporated by reference" into the Complaint. *See* Fed. R. Evid. 201(b); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The Court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell*, *supra*, 266 F.3d at 988.

## IV.   ARGUMENT

### A. The Claims Alleged in Plaintiff's Complaint Are Not Ripe for Determination by this Court.

As outlined above, there is a pending matter in the Alameda County Superior Court involving SOA's Writ Petition which seeks to overturn the Board's Confidential Decision. Therefore, Plaintiff's causes of action are not ripe for determination as there is no justiciable controversy and the majority of Plaintiff's claims are premised upon the ALJ's Confidential Order which is the subject of the Writ Petition. For example, in the First, Second and Third Causes of Action, Plaintiff alleges that SOA breached the terms of the Confidential Stipulated Agreement by failing to pay attorneys' fees to Plaintiff because Plaintiff "prevailed in the Board proceeding and was the prevailing party in ALJ Matteucci's Confidential Decision." (Complaint ¶43). Similarly, in the Fourth and Fifth Causes of Action, Plaintiff contends that SOA breached the terms of the Confidential Stipulated Agreement and acted improperly with regard to the Letter of Credit and Facility Addendum by calling on the ISLOC. (Complaint ¶86). Plaintiff also contends that the doctrine of collateral estoppel is applicable to Plaintiff's Complaint and "precludes SOA from relitigating issues determined in the Confidential Decision, including but not limited to those issues relevant to each of [Plaintiff's] Causes of Action below." (Complaint ¶¶37,38.) Plaintiff further contends that SOA is precluded from arguing that Plaintiff failed to comply with the Facility Agreement and Stipulated Confidential Agreement in this action based on the doctrine of collateral estoppel arising from the Board proceeding and the ALJ's Confidential Decision. (Complaint ¶85).

In addition, Plaintiff's Sixth Cause of Action for Violation of Unfair Competition Law,

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

Seventh Cause of Action for Intentional Misrepresentation, Eighth Cause of Action for Negligent Misrepresentation and Ninth Cause of Action for Unjust Enrichment, are all also premised upon allegations that SOA acted improperly in violation of the Confidential Stipulated Agreement and that SOA is precluded by the doctrine of collateral estoppel from arguing that Plaintiff breached the terms of the Facility Addendum or Confidential Stipulated Agreement based upon the ALJ's Confidential Decision.  (See, Complaint ¶¶119, 131, 139, 152, 153, 164, 166, 167, 178, 179.) Thus, because each of Plaintiff's claims is premised, at least in part, upon the assertion that the SOA breached the terms of the Confidential Stipulated Agreement or Confidential Decision, they are not ripe for consideration.

"[R]ipeness is peculiarly a question of timing." . . . "[I]ts basic rationale is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agricultural. Products Co*. 473 U.S. 568, 580, 105 S. Ct. 3325, 3332 (citations omitted).  Therefore, "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Bova v. City of Medford*, 564 F.2d 1093, 1096  (9th Cir. 2009), quoting *Thomas v. Union Carbide*, supra,  473 U.S. at 580–581.  The ripeness doctrine is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction," *Reno v. Catholic Social Services, Inc.*, 509 U.S. 43, 57, n. 18, 113 S. Ct. 2485, (1993) (citations omitted).

Further, in determining a ripeness issue under the "case or controversy" requirement of Article III of the United States Constitution, courts generally consider two factors:  (1) "the fitness of the issues for judicial decision;" and (2) "the hardship to the parties of withholding court consideration."  *Abbott Laboratories. v. Gardner*, 387 U.S. 136, 148 (1967) (abrogated on other grounds).

Here, with respect to the first factor, the fitness of the issues for judicial decision, the issues are not yet appropriate for a judicial decision because the Confidential Decision by the ALJ of the Board is the subject of the pending Writ Petition which was filed on May 9, 2022.  The Writ Petition will determine whether the ALJ's Confidential Decision will be upheld or reversed and, thus, whether Plaintiff can rely on the ALJ's decision in this lawsuit. Consequently, Plaintiff's

claims which are premised upon allegations that SOA has violated the terms of the Confidential Decision or Confidential Stipulated Agreement by taking the actions alleged in the Complaint are premature and there will be no justiciable case or controversy until the Writ Petition is finally determined by the Alameda Superior Court.

Moreover, if SOA prevails in the Writ Petition, there will be no basis for Plaintiff's claims that SOA violated the terms of the ALJ's Confidential Decision or the Confidential Stipulated Agreement in acting on the ISLOC and Facility Addendum or that Plaintiff is entitled to attorneys' fees from SOA because it was the prevailing party in the Board action.  Thus, allowing Plaintiff's claims to proceed in this action could result in the potential for unnecessary time and expense for all involved if Plaintiff's claims are later determined to be moot.  Accordingly, Plaintiff's action should be dismissed without prejudice or, in the alternative, stayed pending the outcome of the Writ Petition.  Dismissal or a stay will save the cost and expense of unnecessarily litigating claims and will not cause any hardship to Plaintiff as Plaintiff is free to pursue this action after the Writ Petition has been fully adjudicated.

**B.** **Plaintiff's First, Second and Third Causes of Action for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing and Account Stated Fail to State a Claim for Relief Because Plaintiff's Claims Are Not Ripe and Plaintiff Cannot Establish that It is Entitled to Attorneys' Fees Incurred in Connection with the Board Proceeding As a Matter of Law.**

1. **There Has Been No Determination that Plaintiff is a Prevailing Party or Entitled to Attorneys' Fees Pursuant to the Confidential Stipulated Agreement**.

Under California law, to state a claim for breach of contract, Plaintiff must allege the following elements: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff. *Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1388.  However, Plaintiff's first three causes of action for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing and Account Stated are all premised upon the unsupported assertion that Plaintiff is entitled to

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

1   attorney's fees arising out the Board proceeding and the ALJ's Confidential Decision issued in

2   March, 2022.  Thus, in the First and Second Causes of Action, Plaintiff asserts that SOA has

3   somehow breached the Confidential Stipulated Agreement, and consequently the covenant of good

4   faith and fair dealing contained in that agreement, by failing to pay attorneys' fees to Plaintiff as

5   the alleged prevailing party in the Board proceeding.  Similarly, in the Third Cause of Action for

6   Account Stated, Plaintiff asserts that the Confidential Stipulated Agreement obligates SOA to pay

7   the attorneys' fees incurred in the Board action to Plaintiff.

8           Notably, Plaintiff's Complaint conspicuously fails to mention that the Confidential

9   Decision of the ALJ is not a final decision or that SOA filed a Writ Petition seeking judicial review

10  of the ALJ's Decision on May 9, 2022.  Therefore, as noted above, at this time, SOA is under no

11  obligation to pay attorneys' fees to Plaintiff pursuant to any agreement.  In California, it is well

12  established that attorneys' fees are not to be awarded before the final resolution of a dispute.  *See,*

13  *City of W. Hollywood v. Kihagi* (2017) 16 Cal. App. 5th 739 (reversing trial court's award of

14  attorneys' fees to a defendant in an action to enforce settlement agreement prior to appeal); *see also*

15  *Presley of Southern California v. Whelan* (1983) 146 Cal.App.3d 959, 961 (reversing fee award

16  because overall victor "is yet to be determined").  Because the Writ Petition is currently pending

17  review by the Alameda County Superior Court, the resolution of the dispute regarding the

18  Confidential Stipulated Decision and the ALJ's Confidential Decision is not final.

19          Further, contrary to Plaintiff's assertions, there has been no determination that Plaintiff is

20  the "prevailing party" in the Board action.  In California, a court need not find that either party is

21  a prevailing party when addressing a request for an award of attorneys' fees.  See Cal. Civ. Code

22  § 1717, subd. (b)(1) ("…The court may also determine that there is no party prevailing on the

23  contract for purposes of this section.")  Rather, courts must compare parties' degrees of success

24  "upon final resolution" of claims.  *Hsu v. Abbara* (1995) 9 Cal.4th 863, 876. Therefore, once the

25  issues before the Board reach a final resolution, a determination must still be made regarding the

26  degree to which either party prevailed. At this point, Plaintiff has at best "merely deflected or

27  forestalled" SOA's request to enforce the parties' stipulated decision, and cannot be characterized

28  as a "prevailing party." *See*, *Estate of Drummond* (2007) 149 Cal.App.4th 46, 53, 56 Cal.Rptr.3d

Nelson Mullins Riley & Scarborough llp
Attorneys at Law
Los Angeles

691 (defendants' fees denied because dismissal of plaintiff's petition "merely deflected or forestalled" plaintiff's claims).  SOA reserves the right to make reference to and further arguments concerning the Stipulated Decision and Confidential Decision if the court is inclined to admit them under seal as Plaintiff has requested.

As noted above, a claim is not ripe if it is dependent on events which may not occur as anticipated or at all.  *Bova v. City of Medford*, supra, 564 F.2d at 1096.  Because Plaintiff's claims depend on the final determination on the Writ Petition and a finding that Plaintiff was the prevailing party in the Board action, Plaintiff's claims are not ripe for determination in this forum, cannot state any claim arising from the alleged breach of the Confidential Stipulated Agreement and should be dismissed.

2. **Plaintiff Has Not Pled the Existence of Any Account or Other Contract Between SOA and Plaintiff Which Would Obligate SOA to Pay Attorneys' Fees to Plaintiff**.

In the Third Cause of Action for Account Stated, Plaintiff contends that "the Confidential Stipulated is a contract that specifically provides that attorneys' fees and costs be awarded to the prevailing party on the contract" and pursuant to that agreement, "SOA impliedly agreed it would pay Courtesy's attorneys' fees and costs in the event it was the prevailing party in the Board proceeding." (Complaint ¶¶66, 69).  However, as noted above, Plaintiff cannot rely on the Confidential Stipulated Agreement to support a claim for attorneys' fees in this case as that agreement is subject to writ review.  Moreover, Plaintiff has not pled the existence of any other account or agreement between Plaintiff and SOA pursuant to which SOA agreed to pay attorneys' fees to Plaintiff's counsel in any amount or in the amount specifically stated in the Complaint.

Indeed, *Maggio, Inc. v. Neal* (1987) 196 Cal.App.3d 745, cited by Plaintiff in the Complaint, fails to support the existence of an account stated in this matter.  In *Maggio*, the court recognized:

> An account stated is an agreement, based on prior transactions between the parties, that the items of an account are true and that the balance struck is due and owing. . . To be an account stated, ***"it must appear that at the time of the statement an indebtedness from one party to the other existed, that a balance was then struck and agreed to be the correct sum owing from the debtor to the creditor, and that the debtor expressly or impliedly promised to pay to the creditor the amount thus determined to be owing."*** . . .

14

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

1
2
3
4

> Actions on accounts stated frequently arise from a series of transactions which also constitute an open book account. . . . However, an account stated may be found in a variety of commercial situations. The acknowledgement of a debt consisting of a single item may form the basis of a stated account. . . . ***The key element in every context is agreement on the final balance due. . . .*** Here, there is no evidence that Neal knew that he was indebted to Maggio or that he was aware that Maggio was maintaining an account which showed his increasing indebtedness.

5   *Id.* at 752 (citations omitted) (emphasis added).

6          In the Complaint, Plaintiff has not alleged any facts to demonstrate that SOA agreed to pay

7   Plaintiff's attorneys' fees in the amount stated in the Complaint outside the terms of the Confidential

8   Stipulated Agreement which requires Plaintiff to first be determined as a prevailing party before any

9   fees are owed.  As such, Plaintiff cannot state a claim for account stated in the Complaint and the

10  Third Cause of Action should be dismissed.

11          **C.  The Fourth and Fifth Causes of Action for Breach of Contract and Breach of**

12              **the Implied Covenant of Good Faith and Fair Dealing- Calling on the Letter of**

13              **Credit Fail to State a Claim for Relief.**

14          Plaintiff's Complaint also asserts claims against SOA for Breach of Contract and Breach

15  of the Implied Covenant of Good Faith and Fair Dealing on the grounds that SOA breached the

16  terms of the Confidential Stipulated Agreement by calling on the ISLOC and failing to return the

17  ISLOC funds following the Confidential Decision.  However, Plaintiff's Complaint erroneously

18  contends that the Board's Decision somehow prevented SOA from calling on the ISLOC when in

19  fact, the ISLOC is a separate remedy agreed to by the parties for Plaintiff's failure to comply with

20  the terms of the Amendment to the Facility Agreement.   As noted above, the Amendment

21  specifically states that SOA reserved ***"the right to exercise all remedies available under the***

22  ***Subaru Dealer Agreement, Facility Addendum and/or the Stipulated Decision"*** and that "***should***

23  ***the facility not be completed by the agreed upon date, SOA will execute the Letter of Credit or***

24  ***Performance Bond that secures this amendment***." (Complaint, Ex. 4, p. 1) (emphasis added).

25          Further, the ISLOC itself  expressly states that it was "issued to support the obligations of

26  [Plaintiff] as outlined in the Facility Addendum to the Subaru Dealer Agreement."  (Facility

27  Addendum, Ex. 5 to Complaint, p. 2).  Therefore, Plaintiff's claims that SOA somehow acted

28  improperly or breached the Confidential Stipulated Agreement by calling on the ISLOC are

1   directly controverted by the terms of the ISLOC and Amendment to the Facility Addendum.

2          As alleged in the Complaint, Plaintiff's claims for breach of contract are premised upon

3   California law, i.e., California Commercial Code §5110.  However, Plaintiff has not alleged any

4   facts demonstrating that the ISLOC is subject to California law or that any of the actions

5   constituting the alleged breach occurred in California.  Plaintiff has not alleged that any warranties

6   similar to those in California Commercial Code §5110 are rules that BMO Harris Bank intended

7   to apply to the ISLOC. To the contrary, the ISLOC expressly states that it is "is subject to

8   International Standby Practices (1998), International Chamber of Commerce Publication No. 590

9   ('ISP98')." (ISLOC, Ex. 5 to Complaint, p.2).  Moreover, all acts required under the ISLOC, and

10  alleged in the Complaint, occurred in Canada as the ISLOC was issued by BMO Harris Bank, N.A.

11  in Canada and required SOA to present the ISLOC for payment "at BMO Harris Bank, N.A., c/o

12  Bank of Montreal, Global Trade Operations, 250 Yonge Street, 11th Floor, Toronto, Ontario,

13  Canada M5B 2L7, prior to 4:00PM, Eastern Standard Time, Monday through Friday, on or before

14  the then current Expiration Date, . . . ."  (*Id*.)  On its face, the ISLOC also states that it was issued

15  to SOA as the beneficiary at its Western Region office in Denver, Colorado (*Id*. at p. 1.)  Therefore,

16  none of the acts alleged in the Complaint occurred in California or are subject to California law

17  and Plaintiff cannot state any claims for relief against SOA in this matter based on violations of

18  the California Commercial Code.

19         Furthermore, because Plaintiff's Complaint contains no facts demonstrating that SOA

20  breached any of the terms of the ISLOC, the Facility Addendum and amendment or the

21  Confidential Stipulated Agreement, Plaintiff also cannot state a claim for breach of the covenant

22  of good faith and fair dealing against SOA.  *Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th

23  1350, 1369 (implied covenant "cannot impose substantive duties or limits on the contracting

24  parties beyond those incorporated in the specific terms of their agreement" citing *Guz v. Bechtel

25  National Inc*. (2000) 24 Cal.4th 317, 349-3500); *See also*, *Racine & Laramie, Ltd. v. Department

26  of Parks & Recreation* (1992) 11 Cal.App.4th 1026, 1031-1032 ("the implied covenant is limited

27  to assuring compliance with the express terms of the contract, and cannot be extended to create

28  obligations not contemplated in the contract").

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

SUBARU'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE
ALTERNATIVE, MOTION TO STAY ACTION

Finally, to the extent that Plaintiff's claims are premised upon the ALJ's Confidential Decision, the claims are not ripe because of the pending Writ Petition and should be dismissed as outlined above.

### D. **Plaintiff's Sixth Cause of Action for Violation of Unfair Competition Law is Uncertain and Fails to State a Claim for Relief.**

In the Sixth Cause of Action, Plaintiff alleges generally that the Confidential Stipulated Agreement required Plaintiff to provide the ISLOC to SOA to insure Plaintiff's performance of its commitment to the Permanent Facility. (Complaint ¶120). Plaintiff further alleges that the ISLOC funds only become available to SOA if SOA offered documents to BMO Harris Bank N.A. stating "Courtesy Automotive Group, Inc. has failed to fulfill its obligations pursuant to the Facility Addendum to the Subaru Dealer Agreement . . . ." (Complaint ¶125). Plaintiff then contends on information and belief that SOA made wrongful demands to BMO Harris Bank based on Courtesy allegedly failing to fulfill its obligations under the Facility Addendum and contends that the doctrine of collateral estoppel (arising from the Confidential Decision) precludes SOA from arguing that Courtesy failed to comply with its obligations under the Facility Addendum or the Confidential Stipulated Agreement. (Complaint ¶¶127, 131). Finally, Plaintiff alleges that "SOA's actions in calling upon the ISLOC are unlawful, unfair, and fraudulent business acts or practices" and that SOA's communications with BMO Harris Bank N.A. regarding Courtesy's alleged failure to fulfill obligations required by the Facility Addendum and Dealer Agreement" are "unfair and fraudulent." (Complaint ¶¶135, 137).

Under the Unfair Competition Law ("UCL"), "unlawful, unfair or fraudulent business act[s] or practice[s]" are prohibited. Cal. Bus. & Prof. Code § 17200. "The UCL is a broad remedial statute that permits an individual to challenge wrongful business conduct 'in whatever context such activity might occur.'(citation omitted). It prohibits 'unfair competition,' which it broadly defined as including 'any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising....' Cal. Bus. & Prof. Code § 17200*." Lozano v. AT & T Wireless Services, Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). Here, however, Plaintiff has failed to allege sufficient facts to demonstrate that SOA engaged in any "unlawful, unfair or fraudulent

17

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

business act or practice."

First, Plaintiff cannot establish a "fraudulent" act or practice because claims based on "fraudulent" conduct sound in fraud, and Plaintiff has failed to allege that any representations were made to Plaintiff or satisfy the particularity requirements for pleading fraud claims as outlined below with respect to the Seventh and Eighth Causes of Action.

Similarly, Plaintiff cannot state a claim for "unlawful" conduct under the UCL because to state a claim, a plaintiff must adequately plead a predicate legal violation.  *See Lopez v. Wash. Mut. Bank, F.A.*, 302 F.3d 900, 907 (9th Cir. 2002), citing *Lazar v. Hertz Corp.* (1999) 69 Cal.App.4[th] 1494, 1505; *see also*, *Birdsong v. Apple Inc.*, 590 F.3d 955, 960, fn.3 (9th Cir. 2009). However, Plaintiff's Complaint does not allege that SOA violated any law or engaged in any unlawful conduct. Further, as noted above, Plaintiff cannot rely on any alleged violation of the California Commercial Code or any other California law as the ISLOC is subject to ISP98, not California law.

Likewise, Plaintiff also cannot meet the requirements to state a claim under the "unfair" prong because Plaintiff does not allege that SOA engaged in any unfair business act or practice or conduct violative of any contract or law.  Plaintiff merely alleges that SOA's conduct in enforcing the ISLOC were "unfair."  To the contrary, as outlined above, SOA's actions in enforcing the ISLOC were entirely appropriate given that the ISLOC was an entirely separate and enforceable remedy agreed upon by the parties in the event that Plaintiff failed to meet its obligations under the Facility Addendum.  Therefore, Plaintiff's conclusory allegations regarding SOA's alleged "unfair" conduct, without any factual support demonstrating any conduct by SOA that can be considered unfair, are insufficient to establish that SOA has engaged in any "unfair" practice. Accordingly, Plaintiff cannot state a claim under the UCL.

### E. Plaintiff's Seventh and Eighth Causes of Action for Intentional Misrepresentation and Negligent Misrepresentation Fail to State a Claim for Relief.

Plaintiff's Complaint asserts claims for Intentional Misrepresentation and Negligent Misrepresentation premised upon allegations that SOA made representations to, or concealed facts

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

1  from, BMO Harris Bank, **not Plaintiff**.  BMO Harris is not a party to this action and has made no
2  claim that SOA defrauded it.

3      In California, intentional misrepresentation and negligent misrepresentation are both forms
4  of fraud and deceit. Civil Code §§1710(1), (2) and 1572(1), (2); *See also*, *Continental Airlines,*
5  *Inc. v. McDonnell Douglas Corp.* (1989) 216 Cal.App.3d 388, 403.  Further, fraud claims must be
6  pled specifically; general and conclusory allegations do not suffice. *Stansfield v. Starkey* (1990)
7  220 Cal.App.3d 59, 74. This particularity requirement necessitates pleading facts which show *how,*
8  *when, where, to whom, and by what means* the representations were tendered." *Id.* at 73.  A
9  plaintiff's burden in asserting a fraud claim against a corporate defendant is even greater. In such
10  a case, the plaintiff must "allege the names of the persons who made the allegedly fraudulent
11  representations, their authority to speak, to whom they spoke, what they said or wrote, and when
12  it was said or written." *Tarmann v. State Farm Mutual Auto. Ins. Co.* (1991) 2 Cal.App.4th 153,
13  157.

14      To state a claim for intentional misrepresentation, Plaintiff must plead the following
15  elements: (1) that the defendant represented to plaintiff that a fact was true; (2) that defendant's
16  representation was false; (3) that defendant knew that the representation was false when he or she
17  made it; (4) that defendant intended that plaintiff rely on the representation; (5) that plaintiff
18  reasonably relied on defendant's representation; (6) that plaintiff was harmed; and (7) that
19  plaintiff's reliance on defendant's representation was a substantial factor in causing harm to
20  Plaintiff.  *See*, *Judicial Council of California Civil Jury Instructions* (2022 edition), No. 1900.
21  Notably, Plaintiff's Complaint does not assert that SOA made any representations directly to
22  Plaintiff or that Plaintiff relied on any representations made to it by SOA.  Rather, Plaintiff's fraud
23  claims rest on allegations that SOA made representations to or concealed information from a third
24  party, BMO Harris Bank.

25      Further, Plaintiff "must allege the specifics of his or her reliance on the misrepresentation
26  [or omission] to show a bona fide claim of actual reliance." *Cadlo v. Owens-Illinois, Inc.* (2004)
27  125 Cal. App. 4th 513, 519.  "Actual reliance occurs when the defendant's misrepresentation is an
28  immediate cause of the plaintiff's conduct, . . ." *Id*.  Similarly, with respect to the concealment

allegations, Plaintiff must plead and prove that: (1) SOA concealed or suppressed a material fact from Plaintiff; (2) SOA was under a duty to disclose the fact to Plaintiff; (3) SOA intentionally concealed or suppressed the fact with the intent to defraud Plaintiff; (4) Plaintiff was unaware of the fact and would not have acted as it did if Plaintiff had known of the fact; and (5) Plaintiff was damaged by the concealment. *Jones v. ConocoPhillips Co*. (2011) 198 Cal.App.4th 1187, 1198.

An examination of the Complaint leaves no doubt that Plaintiff's fraud claims fall well below the pleading standard for several reasons. First, as discussed, there is no allegation of a direct representations (or concealment) by SOA *to Plaintiff*. Instead, Plaintiff alleges only that SOA made representations to, or concealed information from, BMO Harris Bank, not Plaintiff. Moreover, Plaintiff fails to plead sufficient facts to establish that SOA somehow intended to deceive or defraud Plaintiff by making representations or concealing information. Additionally, Plaintiff does not allege the required facts regarding who made the alleged representations, to whom they were made, what was said and when the representations were made. Instead, the Complaint merely pleads the essential allegations in vague and conclusory terms, and does not provide specific facts showing representations or concealment *to Plaintiff*. Further, BMO Harris Bank is not a party to this action and Plaintiff does not have standing to assert fraud claims on its behalf.

## 1. Plaintiff's Fraud Claims are Barred by the Economic Loss Doctrine

Under California law, the "economic loss rule" precludes recovery in tort where a plaintiff's damages consist solely of economic losses or merely restate contractual obligations. *Seely v. White Motor Co.* (1965) 63 Cal.2d 9, 17-18, superseded by statute on other grounds; *See also*, *Aas v. Superior Court* (2000) 24 Cal. 4th 627, 643), superseded on other grounds ("[a] person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations"). "The economic loss rule prevents the law of contract and the law of tort from dissolving one into the other." *Robinson Helicopter Co. v. Dana Corp*. (2004) 34 Cal. 4th 979, 988 (internal quotation marks and citation omitted). In the Complaint, Plaintiff is seeking purely economic damages in connection with the fraud claims, which are duplicative of Plaintiff's breach of contract claims. More specifically, Plaintiff alleges damages in the form of the $750,000 paid

SUBARU'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STAY ACTION

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

out pursuant to the ISLOC and claims the ISLOC provides for the measure of damages. However, Plaintiff does not allege any property damage or personal injury and the claim is limited to the amount of the ISLOC.  Because Plaintiff has only alleged economic damages resulting from the alleged wrongful actions of SOA in calling upon the ISLOC and pursuant to the terms of the Confidential Stipulated Agreement, which are the subject to Plaintiff's contract claims, the fraud claims are barred under the economic loss rule.

    F.   **The Ninth Cause of Action for Unjust Enrichment Fails to State a Claim for Relief As it is Barred by the Express Terms of the Facility Addendum and Amendment Thereto.**

        In the last cause of action, Plaintiff asserts that the ISLOC constitutes an improper liquidated damages provision under California law because it is being used as an unenforceable penalty.  Plaintiff further contends that SOA's use of the ISLOC funds is an unjust enrichment.

        Contrary to Plaintiff's assertions, however, pursuant to the terms of the Amendment to Facility Addendum, the ISLOC was clearly not a liquidated damage or damage provision and was a purely separate and stand-alone remedy agreed upon by the parties as SOA's right to exercise upon Plaintiff's failure to meets its obligations under the Facility Addendum.  (Amendment to Facility Addendum, Ex. 4 to Complaint).  As noted above, the Amendment to the Facility Addendum specifically provides that "[i]f subsequent benchmarks are missed, ***SOA reserves the right to exercise all remedies available under the Subaru Dealer Agreement, Facility Addendum and/or the Stipulated Decision . . .***  Additionally, ***should the facility not be completed by the agreed upon date, SOA will execute the Letter of Credit or Performance Bond that secures this amendment***. (*Id*. at  p. 1) (emphasis added).

        Additionally, as outlined above, Plaintiff's attempt to recover attorneys' fees under its cause of action for unjust enrichment pursuant to the Confidential Stipulated Agreement is premature given that there is a pending Writ Petition reviewing the Confidential Decision.  Therefore, there are no facts to support Plaintiff's allegations that SOA was unjustly enriched by acting to enforce the ISLOC pursuant to its rights under the Amendment or that Plaintiff is entitled to attorneys' fees pursuant to the Confidential Stipulated Agreement.

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

**V.   IN THE ALTERNATIVE, IF THE COURT DOES NOT DISMISS THE COMPLAINT, THE COURT SHOULD STAY THIS ACTION TO ALLOW FOR THE ADJUDICATION OF THE WRIT PETITION.**

As explained above, this action involves issues which are the subject of, and dependent on the outcome of, a pending Writ Petition in the Alameda Superior Court.  If the Writ Petition is resolved in favor of SOA, it would preclude Plaintiff's assertions that SOA breached the terms of the Confidential Stipulated Agreement and Confidential Decision or that the Confidential Decision operates as collateral estoppel in this action.

Because this action is contingent on and related to the outcome of the Writ Petition, allowing this action to proceed could result in the waste of the parties' and the Court's resources. Therefore, if the Court declines to dismiss this action for lack of ripeness, or failure to state a claim, SOA respectfully requests that the Court stay this action pending the adjudication of the Writ Petition in order to promote judicial efficiency.

Withholding adjudication of Plaintiff's complaint in this action will not cause any hardship to Plaintiff because either it will be determined that the Confidential Decision is reversed and Plaintiff is the not prevailing party in the Board action or the Confidential Decision will be upheld and Plaintiff will then have the right to pursue its claims in this matter. Because Plaintiff's current claims in this action not ripe, the action should be stayed pending the outcome of the Writ Petition.

**VI.   CONCLUSION**

For the reasons stated above, SOA respectfully requests that the Court dismiss the Complaint in its entirety.  In the alternative, SOA requests that the Court stay this action pending the outcome of the Writ Petition in the Alameda Superior Court.

Dated: June 15, 2022                    Respectfully submitted,

                                        NELSON MULLINS RILEY &
                                        SCARBOROUGH LLP

                                        By: /s/ Lisa M. Gibson
                                            Lisa M. Gibson
                                            Amy M. Toboco
                                            Amber M.S. Hendrick
                                            Attorneys for Defendant SUBARU OF
                                            AMERICA, INC.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 15, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

  */s/ Lisa M. Gibson*
Lisa M. Gibson

NELSON MULLINS RILEY & SCARBOROUGH LLP
ATTORNEYS AT LAW
LOS ANGELES

1

SUBARU'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STAY ACTION