UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| COURTESY AUTOMOTIVE GROUP, INC., dba COURTESY SUBURU OF CHICO, <br><br> Plaintiff, <br><br> v. <br><br> SUBARU OF AMERICA, INC. and DOES 1-50, inclusive, <br><br> Defendants. | No. 2:22-cv-00997 WBS DMC <br><br><br> ORDER |

----oo0oo----

Plaintiff Courtesy Automotive Group ("Courtesy") brought this action in California Superior Court, County of Butte. (Notice of Removal (Docket No. 1).) Courtesy seeks enforcement of its asserted entitlement to attorneys' fees and costs following a decision in its favor by an Administrative Law Judge ("ALJ") selected by the California New Motor Vehicle Board in an underlying contract dispute. (See id.) Defendant Subaru of America ("Subaru") removed to this court based on diversity of citizenship. (Id.)

1

1              Following the ALJ's decision, however, Subaru also
2    filed a Petition for Writ of Administrative Mandate in California
3    Superior Court, County of Alameda, pursuant to California Code of
4    Civil Procedure § 1094.5, seeking reversal of that decision.
5    (See Mot. at 15 (Docket No. 6); Req. for Jud. Notice, Ex. 1,
6    Prayer (Docket No. 6-3 at 35).)[1]  That petition is currently
7    pending in the matter of Subaru of America, Inc. v. California
8    New Motor Vehicle Board, No. 22CV010968.  (See Mot. at 15; Decl.
9    of Lisa Gibson at ¶¶ 2-3 (Docket No. 6-1).)
10             Because it appears that issues which are the subject of
11   the state court petition bear on Courtesy's claims currently
12   pending before this court, and that this case would thus be
13   simplified by resolution of that petition, and because Courtesy
14   has not suggested that it will suffer any hardship or economic
15   harm if its claims are not immediately adjudicated, (see Opp.
16   (Docket No. 12)), the court will stay this action until the
17   pending state court petition has been resolved.  See Lockyer v.
18   Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (when
19   determining whether to grant a stay pending parallel proceedings,
20   courts consider: (1) "the possible damage which may result from
21   the granting of a stay"; (2) "the hardship or inequity which a

---

[1]  Subaru's request for judicial notice (Docket No. 6-2), to the extent that it requests the court take notice of the existence of its petition pending in state court and of the relief sought therein, is granted.  That request in all other respects, and the parties' other requests for judicial notice, (Docket Nos. 12-1, 13-1), are denied without prejudice as unnecessary to the court's decision in this Order.
   Likewise, given the limited scope of this Order, the parties' requests to file documents under seal, (Docket Nos. 12-2, 13-3), are also denied without prejudice.
   .

party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay") (citations omitted).

IT IS THEREFORE ORDERED that defendants' Motion to Dismiss (Docket No. 6) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that defendants' alternative Motion to Stay Action (Docket No. 6) be, and the same hereby is, GRANTED.  Within five days of a final decision by the Superior Court on Subaru's pending petition, the parties shall file a joint status report advising the court of the outcome of such decision, of how they intend to proceed in this action, and of whether any reasons exist for the stay to remain in place, such as the existence of additional planned or pending proceedings in state court.

Dated: July 20, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE