UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| COURTESY AUTOMOTIVE GROUP, INC., dba COURTESY SUBARU OF CHICO,<br><br>Plaintiff,<br><br>v.<br><br>SUBARU OF AMERICA, INC. and DOES 1-50, inclusive,<br><br>Defendant. | No. 2:22-cv-00997 WBS DMC<br><br><u>ORDER RE: MOTION TO DISMISS AND REQUEST FOR LEAVE TO AMEND COMPLAINT</u> |

----oo0oo----

Plaintiff Courtesy Automotive Group, Inc. ("Courtesy") requests the court grant leave to amend the operative complaint. (See Opp'n (Docket No. 21) at 35.) A party seeking amendment must show that the amendment is proper under Rule 15, see <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 608 (9th Cir. 1992) (citations omitted), under which leave to amend should be given "freely . . . when justice so requires," Fed. R. Civ. P. 15(a)(2). Leave should be denied only if amendment (1) would cause prejudice to the opposing party, (2) is sought in bad

1

1  faith, (3) would create undue delay, or (4) is futile.  Chudacoff
2  v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1152 (9th Cir.
3  2011) (citation omitted).  "[I]f a court finds that good cause
4  exists, it should then deny a motion for leave to amend only if
5  such amendment would be futile."  J & J Sports Prods., Inc. v.
6  Maravilla, 2:12-cv-2899 WBS EFB, 2013 WL 4780764, at *1 (E.D.
7  Cal. Sept. 5, 2013).
8         Plaintiff's request is based on the ground that
9  subsequent events since filing the initial complaint provide good
10 cause for amendment, including various decisions by the Alameda
11 County Superior Court and the California New Motor Vehicle Board
12 that resolved issues relevant to the instant motion to dismiss.
13 (Opp'n at 35.)  Plaintiff attaches redlined and clean copies of
14 its proposed amended complaint.  (See id. Exs. 7, 8.)  Defendant
15 opposes the request on the ground that amendment would be futile.
16 (Reply (Docket No. 22) at 14-15.)
17        The court cannot conclude that plaintiff's proposed
18 amendments are necessary futile because they bear directly on the
19 nature of plaintiff's contractual obligations to defendant, and
20 whether plaintiff was in material breach of those obligations.
21 Further, they allege events postdating the initial complaint
22 which form plaintiff's basis for expanding the scope of
23 attorneys' fees requested.  Finally, the court sees no reasons
24 why granting leave to amend would prejudice defendant, and
25 defendant identifies none.  Upon amendment, defendant is free to
26 challenge the legal sufficiency of plaintiff's claims, amended or
27 otherwise.
28        Good cause appearing, and because amendment would not

be futile, plaintiff's request to file its amended complaint is hereby GRANTED.  See Johnson, 975 F.2d at 609; J & J Sports Prods., 2013 WL 4780764, at *1.  Defendant's motion to dismiss (Docket No. 20) is hereby DENIED WITHOUT PREJUDICE as moot, and the hearing set for October 2, 2023 is hereby VACATED.  Plaintiff is directed to file its amended complaint within ten days of the issuance of this Order.

IT IS SO ORDERED.

Dated:  September 27, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE