UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| COURTESY AUTOMOTIVE GROUP, INC., dba COURTESY SUBARU OF CHICO,<br><br>            Plaintiff,<br><br>    v.<br><br>SUBARU OF AMERICA, INC. and DOES 1-50, inclusive,<br><br>            Defendant. | No. 2:22-cv-00997 WBS DMC<br><br>ORDER RE: MOTION TO DISMISS |
| SUBARU OF AMERICA, INC.,<br><br>            Counterclaimant,<br><br>    v.<br><br>COURTESY AUTOMOTIVE GROUP, INC., dba COURTESY SUBARU OF CHICO,<br><br>            Counterdefendant. | |

----oo0oo----

Counterclaimant Subaru of America, Inc. ("Subaru") asserts two counterclaims against counterdefendant Courtesy Automotive Group, Inc. ("Courtesy"): breach of contract

1

(Counterclaim 1), and declaratory relief (Counterclaim 2).  (See Countercl. (Docket 35-1).)  Courtesy now moves to dismiss the counterclaims.  (See Mot. (Docket No. 36).)

I.   Factual and Procedural Background

The generally relevant procedural history is set forth in the court's prior order resolving Subaru's motion to dismiss Courtesy's First Amended Complaint.  (See Order (Docket No. 30).)  Of specific relevance now is the parties' March 20, 2019 stipulated agreement ("Stipulated Agreement"), which resolved a dispute between the parties then pending before the California New Motor Vehicle Board ("the Board").  (Countercl. ¶¶ 8-10.)  The Stipulated Agreement contained a confidentiality clause stating that its terms "shall remain strictly confidential between the parties" and "[n]either the [agreement] nor any part of its terms shall be disclosed to any unauthorized third party without the express written consent of both parties."  (Id. ¶ 13.)

Subaru now alleges that Courtesy breached this confidentiality provision in three ways.  First, Courtesy's initial complaint, which Courtesy first filed on April 6, 2022 in Butte County Superior Court before Subaru removed the action to this court, improperly referred to certain terms of the Stipulated Agreement.  Second, Courtesy's June 20, 2022 petition filed with the Board ("Board Petition") included exhibits which directly quoted confidential language from the Stipulated Agreement.  Third, Courtesy's Board Petition caused the Board to forward the Stipulated Agreement to the Department of Motor Vehicles ("DMV"), along with an order directing the DMV to

2

investigate Courtesy's claims.  (Id. ¶¶ 23-29.)

II.  Discussion

    A.  Mootness

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.  [. . .]  [J]urisdiction, properly acquired, may abate if the case becomes moot because (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation."  Los Angeles Cnty. v. Davis, 440 U.S. 625, 631 (1979) (internal quotes and citations omitted).

While the burden of demonstrating mootness "is a heavy one," id., that burden is squarely met on this record.  On the first prong, the court can say with virtual certainty that no alleged breach will recur because the Alameda County Superior Court has unsealed the entire Stipulated Agreement and put it on the public record.[1]  (See Docket No. 36-2.)  The court cannot contemplate how Courtesy could breach the confidentiality provision of a document now publicly and permanently accessible.

On the second prong, the court cannot ascertain the existence of any actual "effect" in the first place that Courtesy

---

[1] The Stipulated Agreement entered the public domain when the Alameda County Superior Court denied the parties' motions to seal it on April 4, 2023: "Given the proliferation of litigation concerning these documents and the absence of any showing of harm to any of the parties or the DMV by the public disclosure of these documents, the presumption that court records are open prevails over the parties' agreement to keep them confidential."  (Docket No. 36-2.)

3

allegedly caused.  The only "effect" that Subaru's allegations identify is the DMV's investigation into Subaru: "As a result of COURTESY's [breach of the confidentiality provision], the confidential terms of the agreement are now in the public domain and have been disseminated to third parties without [Subaru's] consent exposing [Subaru] to an unjust and unnecessary DMV investigation of its distributor license."  (Countercl. ¶ 35.)

However, the Board-ordered DMV investigation does not appear to have anything to do with the confidentiality provision. Courtesy filed its Board Petition pursuant to California Vehicle Code § 3050(b).  (See Docket No. 24 Ex. 7.)  The confidentiality provision certainly does not prevent Courtesy from asserting its rights under that statute.  In fact, Courtesy took measures to safeguard the confidentiality of the Stipulated Agreement by filing redacted and unredacted copies of its Board Petition, along with a motion to seal the accompanying Stipulated Agreement and ALJ Decision.[2] [3]  (Docket No. 36-12.[4])

Absent allegations of any other effects, Subaru's counterclaims contain no live controversy for this court to adjudicate.  Accordingly, the court will dismiss Subaru's

---

[2]   What's more, the record demonstrates that Subaru opposed Courtesy's motions to seal before the Board (Docket No. 36-13), which the Board nonetheless granted (Docket No. 36-14).

[3]   For the same reasons, Subaru also fails to allege causation or damages with respect to its breach of contract claim.

[4]   Courtesy's Request for Judicial Notice (Docket No. 36-1) is granted as to Exhibit 1 (Docket No. 36-2), 11 (Docket No. 36-12), 12 (Docket No. 36-13), and 13 (Docket No. 36-14), and denied as to all other exhibits as moot.

4

1  counterclaims in full.

2      B.   <u>Leave to Amend</u>

3          Federal Rule of Civil Procedure 15 directs the court to freely grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with extreme liberality."  <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990).  Accordingly, Subaru will be given leave to amend its breach of contract counterclaim if, and only if, it can properly allege actual effects of Subaru's alleged breach that the Stipulated Agreement's subsequent unsealing did not "completely and irrevocably eradicate[]," <u>Los Angeles County</u>, 440 U.S. at 631.

13         However, Subaru's declaratory relief counterclaim is entirely duplicative of its breach of contract claim.  (<u>See</u> Countercl. ¶ 46 (requesting declaration that Courtesy has breached its express and implied obligations stemming from confidentiality provision).)  Accordingly, the court will dismiss Subaru's declaratory relief counterclaim with prejudice.

19         IT IS THEREFORE ORDERED that Courtesy's motion to dismiss counterclaims (Docket No. 36) be, and the same hereby is, GRANTED.  Subaru's counterclaims (Docket No. 35-1) are DISMISSED. Counterclaim 1 is dismissed without prejudice to plaintiff filing an amended counterclaim consistent with this Order within 20 days from the date of this Order.  Counterclaim 2 is dismissed with prejudice.

Dated:  April 19, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE