UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| COURTESY AUTOMOTIVE GROUP, INC., dba COURTESY SUBARU OF CHICO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUBARU OF AMERICA, INC. and DOES 1-50, inclusive,<br><br>　　　　Defendant. | No. 2:22-cv-00997 WBS DMC<br><br><br>ORDER |
| SUBARU OF AMERICA, INC.,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>COURTESY AUTOMOTIVE GROUP, INC., dba COURTESY SUBARU OF CHICO,<br><br>　　　　Counterdefendant. | |

----oo0oo----

Plaintiff Courtesy Automotive Group, Inc. ("Courtesy") has filed motions to dismiss defendant Subaru of America, Inc.'s ("Subaru") first amended counterclaim (Docket No. 44); to

1

retroactively extend time to file a responsive pleading to Subaru's first amended counterclaim (Docket No. 45); and to amend its own first amended complaint (Docket No. 47).

The relevant procedural history is set forth in the court's prior orders (see Docket Nos. 30, 42), and will not be recited in detail here.

I. Motion to Extend Time to File Responsive Pleading

Subaru filed its First Amended Counterclaim on May 9, 2024. (See FACC (Docket No. 43).) Courtesy's deadline to file a response was May 23. On May 30, Courtesy filed a motion to dismiss the First Amended Counterclaim (Docket No. 44), along with a motion requesting a retroactive seven-day extension to file the motion (Docket No. 45). Courtesy asserts that its delay was good faith excusable neglect (see Docket No. 45); Subaru argues that Courtesy failed to show its delay was inadvertent (see Docket No. 50).

The court concludes that Courtesy's delay was excusable neglect. "Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence' and includes 'omissions caused by carelessness.'" Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 394, 388 (1993)). "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. To determine when neglect is excusable, we conduct the equitable analysis specified in Pioneer by examining at least four factors: (1) the danger of prejudice to the opposing party;

2

1  (2) the length of the delay and its potential impact on the
2  proceedings; (3) the reason for the delay; and (4) whether the
3  movant acted in good faith." Id. (citations omitted).
4       All four factors counsel towards excusing Courtesy's
5  delay here.  Regarding the first two factors, the court cannot
6  discern any substantial prejudice to Subaru or any delay to the
7  proceedings before the court resulting from Courtesy's missed
8  deadline, especially since the parties, back in late May,
9  conferred about Courtesy's motion to dismiss and agreed upon a
10 hearing date of August 5.  (See Docket No. 45-1 ¶¶ 6-7.)
11 Regarding the remaining two factors, Courtesy satisfactorily
12 documents that its counsel's delay in filing the motion to
13 dismiss was an elementary, but sincere, mistake that was not
14 caught in time.[1]  (See id. ¶¶ 5, 13 (counsel confusing deadlines
15 set forth by Fed. Rs. Civ. P. 12 and 15).)
16      Accordingly, the court will not deny Courtesy's motion
17 to dismiss on this basis.
18 II.  Motion to Dismiss
19      Courtesy argues that Subaru's First Amended
20 Counterclaim should be dismissed because it is inconsistent with
21 the conditions under which the court gave Subaru leave to amend.

---

[1] Subaru suggests that Courtesy's instant motion for leave to amend its First Amended Complaint demonstrates Courtesy's disregard for the court's deadlines. (See generally Docket No. 50.)  A motion requesting leave to amend does no such thing.  Rather, it asks for permission to amend notwithstanding expired deadlines to amend by right. (Cf. FACC (Subaru amending counterclaims without seeking leave to do so, in contravention of court's previously set conditions under which amendment shall be permitted).)

1  (See Mot. (Docket No. 44) at 7.)  The court agrees.

2       Subaru previously asserted two counterclaims: a breach of contract counterclaim premised on Courtesy's alleged breach of a confidentiality provision; and a cognate declaratory relief counterclaim regarding the same allegations.  (See Docket No. 35.)  On April 19, 2024, the court dismissed both counterclaims. (Docket No. 42.)  The court gave Subaru twenty days' leave to amend its first counterclaim "if, and only if, it can properly allege actual effects of [Courtesy's alleged breach of the confidentiality provision] . . . ."[2]  (Id. at 5.)[3]

3       Twenty days later, Subaru filed an amended counterclaim premised on an entirely different breach of contract theory: Courtesy's failure to pay Subaru its attorneys' fees incurred in relation to a separate administrative investigation.  (FACC ¶ 1.) Subaru has no grounds on which to file the instant counterclaim: it does not allege any effects resulting from Courtesy's alleged breach of the agreement's confidentiality provision; its time to plead a new and different counterclaim by right has long since passed; and it neither sought nor was granted leave to plead the new claim.  See Fed. R. Civ. P. 15(a)(1)-(2).

4       Accordingly, the court will dismiss Subaru's First

---

[2]  The court dismissed the declaratory relief counterclaim with prejudice because it was wholly duplicative of the breach of contract counterclaim.  (See Docket No. 42 at 5.)

[3]  The court's Order of April 19 mistakenly referred to Subaru's, rather than Courtesy's, alleged breach of the confidentiality provision.  (See Docket No. 42 at 5:9.)  The court apologizes for any confusion this may have created.

4

Amended Counterclaim.[4] [5]  While dismissal will be without prejudice at this time, Subaru is admonished to follow the court's orders carefully if it intends to move for further leave to amend.

IT IS THEREFORE ORDERED that Courtesy's motion to extend time to file responsive pleading to first amended counterclaim (Docket No. 45) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Courtesy's motion to dismiss Subaru's first amended counterclaim (Docket No. 44) be, and the same hereby is, GRANTED.  Subaru's First Amended Counterclaim (Docket No. 43) is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Courtesy's motion for leave to amend first amended complaint (Docket No. 47) be, and the same hereby is, DENIED as moot.

Dated:  August 8, 2024

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4]  The court therefore need not address Courtesy's other arguments in support of dismissal.

[5]  Courtesy's remaining motion to amend its First Amended Complaint (Docket No. 47) is conditioned on the court denying Courtesy's motion to dismiss.  (See Docket No. 47 at 2 ("To the extent the Court grants Courtesy's Motion to Dismiss, Courtesy withdraws this Motion.").)  Accordingly, the court will deny this motion as moot.